UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICHARD SALAZAR,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ABC AUTOMOTIVE INVESTMENTS, LLC, D/B/A LAS VEGAS MITSUBISHI,<br><br>　　　　　　Defendants. | Case No. 2:19-cv-00039-RFB-BNW<br><br>ORDER |

## I.　INTRODUCTION

Defendant ABC Automotive Investments, LLC dba Las Vegas Mitsubishi moves to dismiss Plaintiff Richard Salazar's Complaint. ECF No. 4. Salazar moves to strike ABC Automotive's reply in support of the motion to dismiss. ECF No. 14.

## II.　PROCEDURAL BACKGROUND

Salazar sued ABC Automotive on January 7, 2019, alleging a single claim for the violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("the FCRA"). ECF No. 1. ABC Automotive moves to dismiss the complaint. ECF Nos. 4, 6 (erratum to the motion). Salazar opposed the motion. ECF No. 9. ABC Automotive filed a reply, which Salazar now moves to strike. ECF Nos. 13, 14. ABC Automotive opposed the motion to strike. ECF No. 15. No reply was filed. See docket.

## III.　FACTUAL BACKGROUND

Salazar alleges the following in his complaint.

Salazar visited ABC Automotive's car dealership in December 2018, seeking to trade in

his current car. Salazar brought a letter from America First Credit Union that showed Salazar was preapproved for a credit line. He presented the credit-approval letter to the ABC Automotive salesman assisting him that day and to two ABC Automotive managers. Salazar explicitly instructed the three employees that he did not consent to ABC Automotive inquiring into his credit. He explained that he wanted to maintain his credit score because he was in the process of purchasing a home. He therefore demanded that ABC Automotive not conduct a credit inquiry. In response to Salazar's concerns over a credit inquiry, the salesman wrote "DO NOT RUN CREDIT" at the top of Salazar's credit application.

After a negotiation was reached on the trade-in value of Salazar's car and purchase price of a new car, the three ABC Automotive employees left Salazar to complete the drafting of a sales agreement. Salazar received an email soon, thereafter, indicating that ABC Automotive made an inquiry into Salazar's credit to a major credit reporting agency. Salazar immediately communicated his frustrations and asked if any other inquiries had been made. One of the sales managers responded that ABC Automotive made only one inquiry and promised to remove the inquiry from Salazar's credit history. Salazar later learned that two additional inquiries were made to different credit reporting agencies. All three inquiries remain on Salazar's credit report.

As a result of the credit inquiries, Salazar suffered an eight-point drop in his credit score, a three-point increase in his preapproved credit loan for the car purchase. He also suffered emotional distress, including humiliation, anger, anxiety, and loss of sleep and of appetite.

### IV. LEGAL STANDARD

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can

reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

**V.     DISCUSSION**

ABC Automotive moves to dismiss the complaint, arguing that Salazar fails to allege a concrete injury that creates Article III standing. The Court disagrees.

A plaintiff has Article III standing to bring a lawsuit if the plaintiff alleges "an injury in fact [] that is fairly traceable to the [defendant's conduct]" and "that is likely to be redressed by a favorable judicial decision." Bassett v. ABM Parking Servs., Inc., 883 F.3d 776, 779 (9th Cir. 2018) (internal quotations omitted). "An injury in fact is an invasion of a legally protected interest that is concrete and particularized and actual or imminent [rather than] conjectural or hypothetical." Id. (quotations omitted). In the statutory context, a plaintiff must allege more than mere procedural violation; "[a] plaintiff must show that a concrete injury actually exists[.]" Id. But an intangible harm or a risk of real harm "can be sufficiently concrete" to establish Article III standing. Id.

Salazar alleges a concrete injury to establish Article III standing. Contrary to ABC Automotive's contentions, Salazar does not need to allege actual monetary harm to establish Article III Standing. See Moran v. Screening Pros, LLC, 923 F.3d 1208, 1214 (9th Cir. 2019) ("[T]he statute explicitly permits recovery without proof of actual damages."). He instead must allege more than a mere procedural violation that caused a concrete—rather than speculative—harm. As part of his complaint, Salazar claims that his credit score dropped by eight points as a direct result of ABC Automotive submitting a credit inquiry; the rate for his preapproved auto loan increased three percentage points after ABC Automotive made the credit inquiry; and he suffered emotional distress, including anxiety, loss of sleep and appetite, and humiliation. These alleged harms are more than hypothetical; the arms "actually exist" when taking Salazar's allegations as true. Bassett v. ABM Parking Servs., Inc., 883 F.3d 776, 779 (9th Cir. 2018). The Court finds that Salazar has sufficiently alleged Article III standing accordingly.

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant ABC Automotive Investment, LLC's Motion to Dismiss (ECF No. 4) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff Richard Salazar's Motion to Strike (ECF No. 14) is DENIED as moot.

DATED: July 8, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**